CRISP v. GILES et al.
No. 744.

Municipal Court of Appeals for the
District of Columbia.
March 18, 1949.

---

See also D.C.Mun.Corp., 65 A.2d 207.

Harry L. Ryan, Jr., of Washington, D. C., for petitioner.

Ernest F. Williams, of Washington, D. C. (Ruffin A. Brantley, of Washington, D. C., on the brief), for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The owner of the Mardav Apartments at 815 Maryland Avenue, Northeast, has brought here for review an order of the Rent Administrator allowing an increase in the rental ceilings on apartment units in that building.

At the hearing before an examiner the owner established that her operating expenses for 1940 amounted to about $6,107.-90 and for the year 1941 about $6,466.53. She also presented a statement that her operating expenses for 1947 totaled $7,690.-58. She also introduced evidence that in the year 1948 she would be subjected to increases in District of Columbia taxes and water rents, and to increased fuel costs; but apparently there was no evidence as to the amount of such prospective increases.

The examiner called for and received a schedule of operating expenses for the years 1941 to 1947, inclusive. He inspected some but not all the 28 apartments in the building. Thereafter he recommended an increase of about 6½% which on review the Administrator approved.

In urging reversal of the Administrator's order the owner contends "that it was contrary to the evidence and to the weight of the evidence, to the extent that it must be viewed as arbitrary and contrary to law." She contends that because her operating expenses for 1947 had increased by some 21% since the end of 1940 she was entitled to the 15% rental increase she demanded and that the 6½% awarded by the Administrator must be held erroneous.

■■ We think the landlord, petitioner here, has failed to support her position that the order is erroneous. While the case was still pending before the Administrator, he served notice upon petitioner that under the rules of the Administrator's office the burden was on the petitioner to supply a full and complete statement of all of the evidence introduced at the examiner's hearing and that unless such statement was furnished the Administrator might assume that any statement of evidence not submitted contained substantial support for the findings of fact and recommended order of the examiner. A few days later petitioner presented a statement of proceedings and evidence to the Administrator; but such statement failed to supply several necessary elements which may or may not have been included in the evidence.

For example, although some 28 apartment units are apparently involved, the figures relating to only three apartments are contained in the record before us, and we are not informed as to the total rents collected by the landlord either before the petition was filed or after the increases ordered by the Administrator become effective. In consequence, it is impossible to tell from the record to what extent the landlord's income will be enhanced by the proposed increase. Furthermore, the landlord apparently has rested her case entirely upon the position that since her 1947 operating expenses exceeded those of 1940 by

more than 25% her rentals should be similarly increased. Such is not the yardstick laid down by the Rent Act, D.C.Code 1940, § 45—1601 et seq., which is designed to "compensate" landlords for increases in operating expenses, as provided therein. Whether such compensation is made depends upon a comparison between a dollar increase in expenses and a similar dollar increase in rentals allowed.

We think we should add that the findings of fact made by the examiner in this case seem totally inadequate for reasons stated in several recent decisions of this court, which it is unnecessary to repeat here. This point, however, was not raised by petitioner either before the Administrator or here, and the Rent Act specifically provides: "No objection that has not been urged before the Administrator shall be considered by the court, unless the failure to urge such objection shall be excused because of extraordinary circumstances." [1]

Affirmed.

HOOD, Associate Judge, concurs in the result.

[1] Code 1940, Supp. VI, 45—1609(b).